CHICAGO—FIRST DISTRICT—APRIL, 1909.    73

The Walker-Edmund Co. v. The Bankers Surety Co., 148 App. 73.

## The Walker-Edmund Company, Plaintiff in Error, v. The Bankers Surety Company, Defendant in Error.

### Gen. No. 14,418.

SURETYSHIP—*when fidelity bond not binding.* *Held,* that the fidelity bond in suit in this case, which contained a condition as follows: "It is essential to the validity of this bond that it be signed by the employe", was not binding upon the company in the absence of the signature of such employe.

Action of contract. Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed April 12, 1909.

ZACHARIAH ·B. WAGGONER, for plaintiff in error.

STEIN, MAYER & STEIN, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This writ of error is brought to reverse a judgment of *nil capiat* and for costs rendered by the Municipal Court of Chicago against the plaintiff corporation below, which is plaintiff in error here.

The suit was brought in the Municipal Court on July 3, 1907, and the following bill of particulars filed:

"Plaintiff's claim is for the value of one diamond ring of the value of two hundred dollars, property of The Walker-Edmund Co., converted by Bertha M. Owen, while in the employ of the said plaintiff, the defendant being surety on a fidelity bond of the said Bertha M. Owen."

The bond in question was for a thousand dollars and the condition was, "That the employe shall in the position of saleslady, Stockkeeper and Register, Chicago and in no other, in the employer's service make good to the employer, within sixty days any loss sustained by the employer by larceny or embezzlement committed by the employe." There are various conditions on which the bond recites that it is accepted,

74     APPELLATE COURTS OF ILLINOIS.

The Walker-Edmund Co. v. The Bankers Surety Co., 148 App. 73.

one of which is that "It is essential to the validity of this bond that it be signed by the employe".

The bond presented in evidence had not been signed by the employe.

After the termination of Bertha M. Owen's employment by the plaintiff a diamond ring, which the plaintiff ought to have found in stock, being unaccounted for under circumstances which led the plaintiff to charge its absence to Miss Owen, it brought suit on the bond. The cause was submitted to a jury and after the introduction of evidence on both sides and instructions by the court on the law, the jury returned a verdict for the defendant. It is to reverse the judgment based on this verdict that the present writ of error is prosecuted.

We do not see why we should disturb it. It is at the least extremely doubtful whether the bond was ever valid without the signature of Bertha M. Owen. It is claimed by the plaintiff in error that the plaintiff's manager not having read the bond, the plaintiff is not chargeable with any knowledge of what was in it, and that the delivery of the bond without the signature of the employe waived the condition which required that signature to make the bond valid.

It seems to us rather that if delivering the bond to the employer was to be considered as waiving the signature of the employe, the condition would be useless. Before the bond is delivered, the company has full control of it. It need not deliver it until it is in the form and has all the signatures it requires. Therefore it would not be necessary to put a formal condition in the bond that it was "made, issued and accepted" upon the condition that "It is essential to the validity of this bond that it be signed by the employe", unless the delivery was expected to precede the signature by the employe. The renewal, by which the Bankers Surety Company, on November 23, 1906, certified that in consideration of the sum of seven 50/100 dollars The Bankers Surety Company "hereby continues in force Bond No. 29,247 in the sum of one

thousand dollars on behalf of Bertha M. Owen, in favor of Walker-Edmund Company," might perhaps, with more plausibility be deemed a waiver at that time of the condition, although the certificate contains the proviso that it is "subject to all of the covenants and conditions of said original bond".

It might be said, nevertheless, that the company should then have ascertained whether the employe had signed the bond, and if not, refused the renewal until the signature had been obtained.

But it is not necessary for us to decide this question, for in justice to the parties concerned we feel that the decision should be placed on the ground that, assuming the bond to be valid, no breach of it was shown. The instructions were correct which, in various forms, told the jury that recovery could not be had unless they were satisfied beyond a reasonable doubt that Bertha M. Owen stole the diamond ring in question. We have carefully considered the evidence as far as it appears in the statement certified to by the trial judge, and are no more convinced "beyond a reasonable doubt" than the jury were, that the young woman named stole or converted the ring. Various other hypotheses seem to us, from the statement, quite as likely.

We do not think there would be any benefit in further discussion of the cause. It seems to us that justice has been done, and that any other verdict would have been to give altogether too far reaching an effect to mere reasons for suspicion.

The judgment of the Municipal Court of Chicago is affirmed.                              *Affirmed.*